UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN FITZGERALD PULLINS
a/k/a GERALD,

    Plaintiff,

v.                                   CASE NO. 3:12-cv-408-J-32JBT

TEDDY GARCIA, M.D., P.A., *et al.*,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency and Application to Proceed *In Forma Pauperis* ("Application") (Doc. 2). On April 27, 2012, the Court entered an Order taking the Application under advisement and directing *pro se* Plaintiff to file, by May 18, 2012, an amended complaint in compliance with the Order and an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" (Doc. 6). Plaintiff filed his Amended Complaint for Denial of Fair Proceedings and Violation of Civil Rights ("Amended Complaint") (Doc. 7) on May 18, 2012, and his long form application on May 22, 2012 (Doc. 8). For the reasons stated herein, the Court will recommend that the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

Application (Doc. 2) be **DENIED** and the case be **DISMISSED**.[2]

> **I.    Standard**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the Application sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such an application is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Further, courts should not dismiss a complaint for failure to state a claim, pursuant

---

[2] Although the Court need not decide the issue, Plaintiff appears to qualify financially for *in forma pauperis* status. Plaintiff's income consists of disability payments averaging $865 per month. Plaintiff estimates average monthly expenses of $881, consisting of rent, transportation, insurance, and child support. Plaintiff reports assets of $402 and liabilities of $185,000. *See* Doc. 8.

2

to Section 1915(e)(2)(B)(ii), "without allowing leave to amend when required by Fed. R. Civ. P. 15." *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) ("Certainly, the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

**II.     Analysis**

In the present case, Plaintiff's Amended Complaint is nearly identical to his initial complaint, except for the addition of a state Circuit Court judge and the Circuit Court itself as Defendants.[3] Plaintiff alleges that he was libeled in a letter sent by Defendant Teddy Garcia to an attorney and the Social Security Administration (Doc. 7 at 2).[4] According to Plaintiff, the letter stated that he was asked to leave an office because of his "abusive behavior and language" (Doc. 7 at 3).

Plaintiff indicates that he filed a lawsuit regarding this matter in Florida state

---

[3] The addition of a judge and a court as defendants may add an element of maliciousness to this action. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The Amended Complaint also seeks monetary relief from these defendants, even though they may be immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

[4] The Amended Complaint states that the letter is attached and incorporated into the Amended Complaint, but it appears that Plaintiff did not file the letter with this Court. The Court need not review the letter in order to decide Plaintiff's Application.

3

court and that the court granted summary judgment in favor of Defendant Garcia (Doc. 7 at 5). Plaintiff then unsuccessfully appealed to the District Court of Appeal and the Supreme Court of Florida (Doc. 7 at 5). Although not necessary to decide the Application, the Court may take judicial notice of the state court public records. *See Universal Express, Inc. v. U.S. SEC*, 177 Fed. App'x 52, 53 (11th Cir. Apr. 18, 2006) (stating that a court may take judicial notice of public records, such as a complaint filed in another court); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277-78, 1280 (11th Cir. 1999); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam). Those records are consistent with the allegations of Plaintiff's Amended Complaint that Plaintiff's state court complaint concerned the same incident that is the subject of his Amended Complaint in this Court. The Circuit Court entered Final Summary Judgment against Plaintiff on January 3, 2011. The District Court of Appeal affirmed on December 15, 2011. *Pullins v. Garcia*, 78 So. 3d 539 (table) (Fla. Dist. Ct. App. 2011). The Supreme Court of Florida then dismissed the case for lack of jurisdiction. *Pullins v. Garcia*, 2012 WL 573401 (table) (Fla. Feb. 16, 2012).

After filing his initial complaint in this Court, Plaintiff also filed a "Notice of Appeal" indicating that he was appealing from the Circuit Court's orders (Doc. 4). In his Amended Complaint, Plaintiff asks this Court to declare the state court proceedings unconstitutional and to reverse the Circuit Court's summary judgment rulings. In paragraph 21 of the Amended Complaint, Plaintiff states that he "provided

all the necessary proof . . . but the Judge denied Plaintiff's Motion For Summary [Judgment] and granted the [Defendant Garcia's] Motion for Summary [Judgment] . . . . This was a violation of Plaintiff's Constitutional Rights (Amend. I & XIV of the U.S. Const.) which guarantees protection against defamation with actual malice and certain other laws" (Doc. 7 at 5). Thus, the clear purpose of the Amended Complaint is to challenge a final decision of the Florida state courts.

It is well-established that under the *Rooker-Feldman* abstention doctrine, "a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Harper v. Chase Manhattan Bank*, 138 Fed. App'x 130, 132 (11th Cir. Apr. 25, 2005) (per curiam) (quoting *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997)). *See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). In the present case, Plaintiff's Amended Complaint, liberally construed, falls squarely within the *Rooker-Feldman* doctrine. Thus, this Court lacks jurisdiction and denial of Plaintiff's Application is recommended.[5]

---

[5] In addition to the present case, Plaintiff filed two other cases in this Court on the same day. Both of these cases appear to suffer from the same defect as this case. In *Pullins v. Haggins*, Case No. 3:12-cv-407-J-34MCR, Plaintiff claims that he did not receive a fair trial in a personal injury matter in state court. On May 7, 2012, the Court issued a
(continued...)

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Application (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED**.

**DONE AND ENTERED** at Jacksonville, Florida, on June 7, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

*Pro Se* Plaintiff

---

⁵(...continued)
Report and Recommendation recommending dismissal of that case under the *Rooker-Feldman* doctrine (*see* Doc. 6 in that case). In *Pullins v. Britton*, Case No. 3:12-cv-409-J-25MCR, Plaintiff challenged a paternity order entered against him in state court. On May 1, 2012, the Court dismissed that case as frivolous and for failure to state a claim, noting that the *Rooker-Feldman* doctrine also applied (*see* Doc. 6 in that case).